Filed 2/24/14  New World Mortgage v. JPMorgan Chase CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| NEW WORLD MORTGAGE,<br><br>　　　Plaintiff and Appellant,<br><br>　　　v.<br><br>JPMORGAN CHASE,<br><br>　　　Defendant and Respondent. | D061866<br><br><br><br>(Super. Ct. No. 37-2010-00057315-CU-BT-NC) |


APPEAL from a judgment of the Superior Court of San Diego County, Robert P. Dahlquist, Judge.  Affirmed.


Shustak Frost & Partners and Jennifer S. Hegemier for Plaintiff and Appellant.

Law Offices of Kit J. Gardner and Kit James Gardner for Defendant and Respondent.

As grounds for overturning an otherwise final judgment, extrinsic fraud has been narrowly defined.  It does not include the failure of one party to discover factual or legal flaws in arguments asserted by its adversary.  It only arises when the party prevailing on the challenged judgment has prevented the moving party from asserting its rights.

The record here does not support the appellant's contention that it was the victim of extrinsic fraud. At most, it shows the appellant was the victim of zealous advocacy on the part of the respondent. Accordingly, we affirm the trial court's order denying the appellant's motion to vacate the underlying final judgment. For much the same reason, we decline the appellant's suggestion that we treat its appeal as a petition for a writ of error *coram vobis*.

FACTUAL AND PROCEDRUAL BACKGROUND

1. *Stolen Checks*

Plaintiff and appellant New World Mortgage (New World) is an unincorporated association and the assignee of New World Mortgage, Inc. (Mortgage, Inc.). In 2006, Mortgage, Inc. assigned to New World claims Mortgage, Inc. had with respect to four stolen checks totaling approximately $40,000.

Mortgage, Inc. was the payee on the checks, which were for commissions and fees Mortgage, Inc. earned upon the closing of four loan transactions. The checks had been stolen by either an employee or an independent contractor doing work with Mortgage, Inc. and deposited in accounts opened at Washington Mutual Bank, N.A. (Washington Mutual). According to New World, Washington Mutual failed to properly verify the identity of the person or persons opening the deposit account, and its failure to do so permitted the stolen checks to be negotiated and the proceeds withdrawn.

The assets and liabilities of Washington Mutual were acquired by defendant and respondent JPMorgan Chase, N.A. (Chase) from the Federal Deposit Insurance Company (FDIC) on September 25, 2008.

2

2. *Complaint and Summary Judgment*

On July 14, 2010, New World filed a complaint against Chase in which it alleged Chase's predecessor, Washington Mutual, was liable both for its negligence in permitting the thieves to open a deposit account and for conversion of the checks. Later, New World filed an amended complaint alleging causes for negligence and conversion.

The trial court sustained Chase's demurrer to the negligence cause of action, and Chase then moved for summary judgment with respect to the remaining conversion claim. Among other arguments, Chase asserted that because New World had not filed an administrative claim with the FDIC, New World's claim against Chase was barred by the federal Financial Institutions Reform, Recovery and Enforcement Act (FIRREA), title 12 United States Code section 1821(d)(3)-(5). New World vigorously contested this argument. In particular, New World asserted that FIRREA's administrative claim requirement only applied to claims made by depositors of a failed bank.

Although Chase had not entirely responded to New World's discovery at the time of the hearing on Chase's motion for summary judgment, New World did not request a continuance. At the hearing, the trial court agreed with Chase and found that New World's conversion claim was subject to and barred by FIRREA. A judgment in Chase's favor was entered and, on July 18, 2011, Chase served New World with a notice of entry of judgment.

3. *Motion to Vacate*

On November 1, 2011, New World moved to vacate the judgment. New World relied on an opinion letter it had recently obtained from the FDIC. According to the letter, when Chase acquired Washington Mutual it agreed to assume all liabilities that

3

appeared on the books and records of Washington Mutual, except for borrower claims, which the FDIC expressly retained. The FDIC opined that under the specific terms of the FDIC's sale of assets to Chase, FIRREA would not apply to New World's claims if those claims appeared on the books and records of Washington Mutual before Chase acquired its assets.

New World argued that the FDIC letter established that its claims were not covered by FIRREA. In particular, with respect to whether New World's claims appeared on the books and records of Washington Mutual at the time Chase acquired Washington Mutual's assets, New World stated that it had received discovery indicating that the claims did appear on the bank's books prior to acquisition. However, New World's motion was not supported with the discovery it relied upon.[1]

New World argued the FDIC letter not only established that its claims were not subject to FIRREA, but also that in making its motion for summary judgment, Chase's attorneys had engaged in extrinsic fraud. Accordingly, New World asserted that it was entitled to equitable relief from the judgment.

The trial court denied New World's motion, and New World filed a timely notice of appeal.

---

[1]     According to a declaration filed by New World' counsel: "I have been previously served with the Declaration of Terrie C. Cortez, a declared knowledgeable employee of WMB, declaring that Defendant Bank had knowledge of the stolen checks/funds, had processed the stolen checks, and thus, such transactions were also on its books and record, prior to September 28, 2008." The difficulty with counsel's declaration is that although it suggests the actual transactions by which the stolen checks were negotiated might appear on Washington Mutual's books and records, counsel's statement does not establish that the bank's liability to New World growing out of those transactions was reflected in the books and records of the bank.

4

DISCUSSION

By the time New World made its motion to vacate, the time in which to challenge the judgment Chase obtained by way of a motion for reconsideration, statutory motion to vacate, motion for new trial or appeal had passed. (See Code Civ. Proc., §§ 663a, 659, 1008, subd. (a); Cal. Rules of Court, rule 8.104(a).) Nonetheless, it is well established that a judgment entered as a result of extrinsic fraud, mistake, or accident is subject to equitable relief at any time. (See *In re Marriage of Grissom* (1994) 30 Cal.App.4th 40, 46.) However, this equitable relief is fairly narrow: it only arises when a party, having a valid claim or legal defense on the merits, was deprived of the opportunity to assert the claim or defense. (*Ibid.*) We review orders granting or denying such relief for abuse of discretion. (*Ibid.*)

With respect to a theory of extrinsic fraud, which New World asserts here, the courts have been fairly consistent in limiting equitable relief. "Extrinsic fraud occurs when a party is deprived of the opportunity to present his claim or defense to the court; where he was kept ignorant or, other than from his own negligence, fraudulently prevented from fully participating in the proceeding. [Citation.] Examples of extrinsic fraud are: concealment of the existence of a community property asset, failure to give notice of the action to the other party, and convincing the other party not to obtain counsel because the matter will not proceed (and then it does proceed). [Citation.] The essence of extrinsic fraud is one party's preventing the other from having his day in court. [¶] . . . [¶]

"By contrast, fraud is intrinsic and not a valid ground for setting aside a judgment when the party has been given notice of the action and has had an opportunity to present

5

his case and to protect himself from any mistake or fraud of his adversary but has unreasonably neglected to do so. [Citation.] Such a claim of fraud goes to the merits of the prior proceeding which the moving party should have guarded against at the time. Where the defrauded party has failed to take advantage of liberal discovery policies to fully investigate his claim, any fraud is intrinsic fraud. [Citation.] The recent case of *In re Marriage of Melton* (1994) 28 Cal.App.4th 931 provides an example of intrinsic fraud which will not trigger the court's revisory power. In that case, the misrepresentation of the value of a marital asset, favorable to one party, was found to constitute intrinsic fraud because the aggrieved party was not prevented from discovering the asset's true value. (*Id.* at p. 938; see also, [*In re Marriage of*]*Alexander* [(1989)] 212 Cal.App.3d [677,] 684 [Inequities in a property settlement agreement, prepared by husband, constituted intrinsic fraud when wife was not deliberately kept in ignorance of the proceeding or prevented by husband from presenting her claims.].)

"As illustrated by these cases, in demonstrating extrinsic fraud, it is insufficient for a party to come into court and simply assert that the judgment was premised upon false facts. The party must show that such facts could not reasonably have been discovered prior to the entry of judgment." (*City and County of San Francisco v. Cartagena* (1995) 35 Cal.App.4th 1061, 1067-1068.)

Here, New World cannot contend that it was unaware of either the lawsuit it brought or the motion for summary judgment made by Chase, to which it responded. Indeed, having vigorously contested Chase's reliance on FIRREA, New World cannot contend it was ignorant of or otherwise lacked the ability to contest the precise issue upon which the trial court relied in dismissing New World's claims. Moreover, having failed

6

to request a continuance of the motion for summary judgment and nonetheless having obtained the FDIC opinion letter within months after judgment was entered, New World cannot make a serious contention that it could not have discovered the grounds set forth in the letter prior to judgment.[2] In short, New World makes no more than a claim of intrinsic fraud. As we have noted, equitable relief is not available for such a claim. (*City and County of San Francisco v. Cartagena*, *supra*, 35 Cal.App.4th at pp. 1067-1068.)

For the same reason, we decline New World's request that we treat its appeal as a petition for a writ of error *coram vobis*. *Coram vobis* relief is also restricted to extrinsic fraud. (See *In re Rachel* (2003) 113 Cal.App.4th 1289, 1296.)

### DISPOSITION

The judgment is affirmed. Chase to recover its costs of appeal.


BENKE, Acting P. J.

WE CONCUR:


HUFFMAN, J.


AARON, J.

---

[2] We must add that, because the record on appeal does not show that New World's claims, as opposed to the transactions which gave rise to them, appeared on Washington Mutual's books and records (see fn. 1, *ante*), we do not accept the proposition that on the merits the FDIC letter would defeat Chase's FIRREA defense.